99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
William HANEY, Appellant.
 No. 96-1568.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Sept. 10, 1996.
Filed: Oct. 9, 1996.
 
 Before WOLLMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 William Haney appeals from the district court's[1] denial of his motion to suppress. We affirm.
 
 I.
 
 2
 On December 11, 1994, Officer Langston Farrish was working as a security guard at a grocery store in Omaha. He attempted to speak to a woman at the store who was visibly upset, but she refused. When the woman entered the store for a fourth time, she approached Farrish and identified herself as Vicki Romano. She told Farrish that she had been kidnapped by the man in her car, later identified as Haney, and that he was a convicted felon and had a gun.
 
 
 3
 Farrish asked Haney to step out of the car and, concerned that Haney had a gun, conducted a pat-down search of him. No weapons were found, and Farrish asked Haney to leave. Haney took his bags out of the car and began walking. When Ms. Romano's car wouldn't start, Farrish discovered that some parts had been taken from the car.
 
 
 4
 Farrish began to pursue Haney because of Ms. Romano's repeated assertions that Haney had a gun and because he believed that Haney had taken the parts from the car. Haney attempted to flee. When Farrish told Haney to stop, Haney turned towards him. Farrish then saw a chrome object, which he believed was a gun. Farrish drew his weapon and ordered Haney to lay on the ground. When Haney refused to do so, Farrish threw him to the ground and handcuffed him. Farrish then removed a chrome revolver from the pocket of Haney's jacket.
 
 
 5
 As Farrish was calling for help, Haney jumped up and ran into the home of his neighbor, Jack Cronin. Farrish knocked on the door of Cronin's residence and asked if Haney was inside. Cronin said that he was not. After two witnesses said they saw Haney go into Cronin's residence, Farrish again asked Cronin if Haney was inside and informed Cronin that it was a crime to harbor a fugitive. Cronin allowed Farrish to enter and indicated that Haney was upstairs. Haney was ultimately found hiding in the attic.
 
 
 6
 Haney was indicted as a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Following the district court's denial of his motion to supress evidence, Haney pleaded guilty, reserving the right to appeal the denial.
 
 II.
 
 7
 We agree with the district court that at the time of the pat-down search Farrish was possessed of specific, articulable facts that would lead a reasonable person to believe that Haney was armed and that it was necessary to search him for a weapon. Terry v. Ohio, 392 U.S. 1, 21 (1968). Furthermore, by the time Haney was restrained and arrested, Farrish had probable cause to believe that Haney was engaged in criminal activity.
 
 
 8
 Haney contends that the district court erred in holding that he did not have standing to challenge the warrantless search of Cronin's residence. We conclude, however, that the district court's finding that Haney was neither a resident of nor an overnight guest in Cronin's home is not clearly erroneous. Haney thus had no legitimate expectation of privacy in nor standing to challenge the search of Cronin's home, making it unnecessary for us to consider his additional contention that the district court erred in finding that Cronin voluntarily consented to the search.
 
 
 9
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska